F I L E D
CLERK OF COURT

2025 JUL 25 PM 4: 45

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

MARK ANTHONY JUNDARINO
NALICAT,
*aka* **Cheesebread**
DOB: 11/07/1993

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0336-23**
GPD Report No. 23-12543

**DECISION & ORDER
RE. DEFENDANT'S
MOTION TO DISMISS**

This matter came before the Honorable Alberto E. Tolentino on April 28, 2025, for a Motion Hearing. Defendant Mark Anthony Jundarino Nalicat ("Defendant") was present with counsel Attorney Isa Baza. Assistant Attorney General Kathleen O'Neil was present for the People of Guam ("People"). The court heard oral arguments regarding the Defendant's Motion to Dismiss, which was filed on March 20, 2025. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Motion to Dismiss.

### BACKGROUND

On May 18, 2023, the Defendant was charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony), with a Notice of the Commission of a

Felony while on Felony Release. *See* Indictment (May 18, 2023). The court originally set November 27, 2023, as the deadline for counsels to exchange discovery or file a Motion to Compel Discovery if necessary. *See* Criminal Trial Scheduling Order (Jul. 7, 2023). On January 3, 2024, the court appointed Attorney Isa Baza who currently represents the Defendant. *See* Notice (Jan. 3, 2024).[1]

After hearing arguments on the Defendant's Motion to Retain Expert Witness, the court granted that motion on May 14, 2024. *See* Mot. Hr'g Mins. at 10:16:01 – 16:35AM (May 14, 2024). The Defendant filed a Motion for Discovery on September 3, 2024, which requested the following items: (1) information in regards to the plastic baggy in evidence; (2) information and documents regarding the field test; and (3) officer records. *See* Def.'s Mot. Discovery (Sept. 3, 2024). Without objection from the People, the court granted the Defendant's Motion for Discovery. *See* Further Proceedings Mins. at 10:50:58AM (Sept. 11, 2024).

As of December 17, 2024, the People had not disclosed the discovery items requested back in September, leading the Defendant to file a Motion to Compel Discovery ("Motion to Compel"). *See* Def.'s Mot. Compel (Dec. 17, 2024). Accompanying his Motion to Compel was a Declaration in Support with attached email threads showing defense counsel's attempts to receive the requested discovery from the People. *See* Decl. (Dec. 17, 2024). With neither a filed opposition nor response to the Motion to Compel, the Defendant filed a Reply to the Motion to Compel on January 7, 2025, requesting the court to grant this motion as the "ordered discovery remain[ed] unproduced" at the time. Reply (Jan. 7, 2025).

\\

\\

---

[1] At arraignment, the court previously appointed Attorney James Spivey as the Defendant's counsel. *See* Arraignment Hr'g Mins. at 3:46:35PM (May 12, 2023).

On February 21, 2025, the court held a Further Proceedings to determine how the parties intended for this case to go forward. When asked whether the Motion to Compel was still pending, defense counsel made the following record:

> BAZA: Yes, Your Honor. You had ordered discovery back in September of last year based on our Motion for Discovery. And we followed up with the AG's Office. We still haven't received it, so we filed a Motion to Compel. And the AG's Office did not respond. So, we did file a reply, which is still pending before the court.

Further Proceedings Mins. at 2:26:25 – 26:43PM (Feb. 21, 2025). On assurances that the discovery would be turned over, the court ordered the People to produce discovery by close of business Monday, February 24, 2025. *See* Further Proceedings Mins. at 2:27:26 – 28:22PM (Feb. 21, 2025).

Due to the People's failure to provide discovery, the Defendant subsequently filed a Motion to Dismiss ("Motion to Dismiss") his case. *See* Def.'s Mot. Dismiss (Mar. 20, 2025). The People filed its Opposition to the Motion to Dismiss ("Opposition") on April 3, 2025; and the Defendant filed a Reply to the Opposition on April 10, 2025. At the Motion Hearing on April 28, 2025, the court heard oral arguments on the Motion to Dismiss and subsequently took the matter under advisement.

## DISCUSSION

**A. The People violated its discovery obligation to Defendant Nalicat.**

8 GCA § 70.10 relays the People's discovery obligations as follows:

(a) Except as otherwise provided by §§ 70.20 and 70.30, at any time after the first appearance upon noticed motion by the defendant, the court shall order the prosecuting attorney to disclose to the defendant's attorney or permit the defendant's attorney to inspect and copy the following material and information within his possession or control, the existence of which is known, or by the exercise of due diligence may become known to the prosecuting attorney:

(1) the name and address of any person whom the prosecuting attorney intends to call as a witness at the trial, together with his relevant written or recorded statement;

(2) any written or recorded statement and the substance of any oral statement made by the defendant or made by a co-defendant if the trial is to be a joint one;

(3) any report or statement of an expert, made in connection with the case, including results of physical or mental examinations and of scientific tests, experiments or comparisons;

(4) any book, paper, document, photograph or tangible object, which the prosecuting attorney intends to use in the trial or which was obtained from or belonged to the defendant;

(5) any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at the trial;

(6) whether there has been an electronic surveillance of conversations to which the defendant was party or of his premises;

(7) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor.

(b) The prosecuting attorney's obligations under this Section extend to any material information in the possession or control of members of his staff and any other persons who have participated in the investigation or evaluation of the case and who either regularly report or with reference to this case have reported to his office.

8 GCA § 70.10(a)–(b). Further, all parties have a continuing duty to disclose to the other party, attorney, or the court "additional material or information previously requested or ordered, which is subject to disclosure." 8 GCA § 70.40. In this case, the Defendant requested the following items of discovery in his Motion for Discovery and Motion to Compel:

1. The amount of substance in the baggy minus the weight of the baggy.
2. A description of the substance.
3. Any planned scientific analysis on the substance in the bag, to include the type of analysis, laboratory procedure, and where testing has or will be conducted.
***
1. Specific identification of the field test kit used in this case including: a) the manufacturer; b) kit product numbers and/or reagents; c) lot number; and d) expiration date of kit.
2. A general description of the kit used in this case, to include the condition of packaging and reagents.
3. Storage conditions of the field test kit prior to use in this case.
***
1. Color chart utilized for comparison of field test kit results.

2. Manufacturer's instructions on the use of the kits.
3. Guam Police Department Standard Operating Protocols for the performance of field testing and interpretation of field test kit results, including but not limited to information related to the following: sample size, procedure for conducting field tests, determination of positives and negatives, and any special procedures for the analysis of residues.
4. Quality control sample results for a representative field test kit from the specific kit lot number used in this case, including known positive and negative controls.
5. Documentation of contamination prevention measures, including, but not limited to, the following: a) cleaning of tools used to conduct the field test on the substance in the baggy or documentation of a disposable single use tool; b) personal protective equipment worn by the officer who administered the test; c) cleaning of surfaces where field testing was conducted.

\*\*\*

1. Training records for all officers involved in the field testing in this case.
2. Color vision testing records, for all officers involved in the field testing in this case.
3. Proficiency testing records for all officers involved in the field testing in this case, specifically for the period of time including this case and immediately prior to and after said field testing.

Def.'s Mot. Discovery (Sept. 3, 2024); Def.'s Mot. Compel (Dec. 17, 2024). In its Opposition, the People informed the court that the Defendant was sent thirty-six (36) pages of discovery, which he acknowledged receipt. *See* Ppl.'s Opp'n at 2 (Apr. 3, 2025). However, the People disregard the fact that these thirty-six (36) pages of discovery had already been forwarded by the Public Defender Service Corporation on January 3, 2024, which did not include the discovery items requested and ordered on September 12, 2024; and again, on February 21, 2025. [2]

The People also note that a "report was immediately forwarded to defense counsel" on April 2, 2025. Ppl.'s Opp'n at 2. Although the People provide no clarification on what report this is or anything about its release to an unknown entity with the acronym "LERMS" in its Opposition, the People addressed this matter at the Motion Hearing. Despite the People providing

---

[2] Prior to Attorney Baza's appointment, the Public Defender Service Corporation was briefly appointed to this case on November 20, 2023. *See* Notice (Nov. 20, 2023). Upon its relief of court-appointment, the Public Defender Service Corporation forwarded initial discovery information to Attorney Baza on January 3, 2024. *See* Decl., Ex. A (Dec. 17, 2024).

this report after receiving it, the People specified that it did not receive this lab report until after March 24, 2025, because it is not something it receives "right away unless it's an emergency." Mot. Hr'g Mins. at 2:28:47 – 28:58PM (Apr. 28, 2025).

The People argued that the manual for a field-testing kit does not constitute as discovery within their obligation under 8 GCA § 70.10. *See* Mot. Hr'g Mins. at 2:18:36 – 20:57PM (Apr. 28, 2025). After indicating that the NARK II field-testing manual is not something the People use at trial, the People also argued that the Defendant made no showing that the requested discovery was exculpatory, and made no effort to use his power to subpoena GPD for that information. *Id.*

When asked about the lack of attempts to subpoena the information sought, the Defendant stated that the People never opposed his discovery requests from last year and January of this year. *See* Mot. Hr'g Mins. at 2:25:25 – 27:02PM (Apr. 28, 2025). Because there had been no oral or written objections from the People and further assurances that it would turn over that discovery, the Defendant did not subpoena GPD as he was under the impression that the People were working to provide the requested information. *Id.*

The People also stated that some of the requested discovery items were not in the People's or GPD's possession, and was not something they routinely provide. *See* Mot. Hr'g Mins. at 2:24:53 – 25:02PM (Apr. 28, 2025). In light of this statement, the People also indicated it provided what documents it received from GPD, in response to a subpoena duces tecum regarding the NARK II field testing kit. *Id.* at 2:18:05 – 18:35PM.

The People cannot absolve themselves of its obligation to provide discovery in its possession as of February 24, 2025, pursuant to the court's order. The People did not meet discovery deadlines and, to date, have not fully complied with the Defendant's requests or the

orders of the court. Therefore, the court finds the People violated its discovery obligations to Defendant Nalicat under 8 GCA § 70.10.

**B. Dismissal is not the appropriate sanction against the People in this case.**

The People argue that dismissal is not the appropriate sanction, claiming to have complied with the court's discovery orders, and have disclosed all materials in its possession, including everything it intends to use at trial. *See* Opp'n at 3–5. In contrast, the Defendant argues that dismissal is an appropriate sanction in this case. *See generally* Def.'s Mot. Dismiss (Mar. 20, 2025).

If the court becomes aware that a party has failed to comply with a court order, "the court may order such party to comply with the prior order, grant a continuance, or issue such other order as it deems just under the circumstances." 8 GCA § 70.45. When trial judges select a sanction to impose against counsel, the Guam Supreme Court has iterated that the appropriate sanction is "proportionate to the misconduct." *People v. Tuncap*, 1998 Guam 13 ¶ 24 (quoting *United States v. Gee*, 695 F.2d 1165, 1169 (9th Cir. 1983)). In addition, the trial court should impose the least severe sanction to achieve "prompt and full compliance with the court's discovery orders." *Id.* (quoting *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. 1982)).

Dismissal is deemed an extreme sanction, because it would prevent the case from going forward on its merits. *See Tuncap*, 1998 Guam 13 ¶ 27. Unless there is "flagrant and prosecutorial misconduct," dismissing an indictment is not an appropriate sanction. *People v. Naich*, 2013 Guam 7 ¶ 33 (quoting *United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir. 1988)). The Guam Supreme Court has found that the better policy when applying sanctions is to choose one that "affect[s] the evidence at trial and the merits of the case as little as possible." *People v. Martinez,*

2017 Guam 23 ¶ 14 (quoting *Tuncap*, 1998 Guam 13 ¶ 23 (citation and internal quotation marks omitted)).

To decide whether a sanction like dismissal is an appropriate sanction for a discovery violation, the court utilizes the following factors enumerated in *United States v. Sarcinelli*: (1) reasons why the disclosure was not made; (2) the extent of the prejudice, if any, to the opposing party; (3) the feasibility of rectifying that prejudice by a continuance, and (4) any other relevant circumstances. *Naich*, 2013 Guam 7 ¶ 31 (citing *Sarcinelli*, 667 F.2d at 7 (5th Cir. 1982)). Weighing these *Sarcinelli* factors, the court will review whether dismissal is an appropriate sanction for the People's discovery violation in this case.

*(1) Reasons why the disclosure was not made*

The first factor considers the reasons why disclosure was not made. *See Martinez*, 2017 Guam 23 ¶ 15. The People assert that it did not produce the NARK II test results, because it do not intend to use them at trial. *See* Opp'n at 3. At the Motion Hearing, the People stated on the record several times that the lab is "backed up" and usually test closer to a scheduled date for jury trial; and only when a jury trial date is scheduled is when the lab conducts its tests. *See* Mot. Hr'g Mins. at 2:15:25 – 16:49PM (Apr. 28, 2025). Considering this information on the laboratory's procedures relayed to the court on the day of the Motion Hearing, the court had previously scheduled a jury trial for January 17, 2024; and subsequently on January 6, 2025, upon Attorney Baza's appointment.[3]

Several emails from defense counsel went unanswered by the People who also provided no sort of response regarding the disclosure's delay. *See* Decl. in Support, Ex. B (Dec. 17, 2024). The court does not believe that the People purposefully hid these materials from the Defendant.

---

[3] *See* Criminal Trial Scheduling Order (July 7, 2023); *see also* Amended Criminal Trial Scheduling Order (Aug. 6, 2024).

However, a backed-up laboratory does not excuse the People's contravention of the court's orders in light of no objections to the Defendant's Motion for Discovery and Motion to Compel and the People's assurances as recent as February 21, 2025, that the requested discovery would be given. This factor weighs in favor of dismissal.

### (2) The extent of the prejudice, if any, to the opposing party

The second factor looks at the extent of prejudice, if any, to the opposing party. *See Martinez*, 2017 Guam 23 ¶ 15. Specifically, the court looks at "prejudice to the defendants' *substantial rights,* that is, injury to their right to a fair trial, and that prejudice does not encompass putting trial preparation into minor disarray." *Martinez*, 2017 Guam 23 ¶ 18 (quoting *United States v. Garrett*, 238 F.3d 293, 299 (5th Cir. 2000) (citation omitted)). Under this second factor, the court's concern is "prejudice to the party who must deal with the ramifications of a discovery violation, not prejudice to the disclosing party in the event that the evidence is ultimately excluded." *Naich*, 2013 Guam 7 ¶ 18, n. 3. "If the defendant had time to put the newly disclosed discovery to use, then there should be no finding of prejudice." *Martinez*, 2017 Guam 23 ¶ 18.

As of the Motion Hearing, the Defendant indicated that he still has not received all the discovery requested in his Motion for Discovery and Motion to Compel. However, the court vacated jury selection and trial in this case, without objection from the parties, since December 18, 2024; the same day that the court also granted the Defendant's release on house arrest. *See* Pre-Trial Conference Mins. at 9:14:15AM (Dec. 18, 2024). The Defendant is currently released from confinement at the Department of Corrections; and the court recently lifted house arrest as a release condition. *See* Further Proceedings Mins. at 2:25:00 PM (Feb. 21, 2025). In addition, he has not asserted his right to speedy trial. *See* Arraignment Hr'g Mins. at 2:20:20 PM (June 6,

2023). Considering the Defendant's release from confinement, no scheduled date for jury trial, and his waiver of speedy trial, the court finds that this factor weighs against dismissal.

### (3) The feasibility of rectifying that prejudice by a continuance

The third factor considers whether a continuance of the trial is a feasible rectification of the Defendant's prejudice. *See Martinez*, 2017 Guam 23 ¶ 15. As mentioned earlier, the court granted the Defense's Motion for Discovery on September 12, 2024, without opposition or objection from the People. *See* Further Proceedings Mins. at 10:50:58AM (Sept. 11, 2024). After the People failed to comply, the Defendant filed his Motion to Compel on December 17, 2024. *See* Def.'s Mot. Compel (Dec. 17, 2024). On February 21, 2025, the court ordered the People to provide the requested discovery by the close of business on February 24, 2025. *See* Further Proceedings Mins. at 2:25:00PM (Feb. 21, 2025). The People again failed to comply with both the Defendant's request and the court's orders.

In terms of a trial date for this case, the court previously vacated jury selection and trial scheduled for January 6, 2025, based on the parties' representations that they were working towards a deal instead of trial. *See* Pre-Trial Conference Mins. at 9:14:15AM (Dec. 18, 2024). More importantly, the Defendant remains to waive his right to speedy trial. Should the Defendant remain unsure about how to go forward in his case without the discovery, the court finds that a brief continuance is a feasible remedy to allow the Defendant time to review the untimely yet relevant discovery. Accordingly, this factor weighs against dismissal.

### (4) Any other relevant circumstances

The fourth factor takes into account other relevant circumstances when determining an appropriate sanction. *See Martinez*, 2017 Guam 23 ¶ 15. Both parties previously engaged in plea negotiations leading up to the Motion to Dismiss. However, the People later found the Defendant

legally ineligible to participate in the Adult Drug Court program, despite the dismissal of his only other case, CF0164-22. *See* Ppl.'s Legal Screening (Apr. 1, 2025). However, it is noteworthy that the underlying felony, which is the basis for the Defendant's Commission of a Felony while on Felony Release Notice in this case, has been dismissed.[4] Should the court grant dismissal at this time, the Defendant may not be able to seek treatment through the Adult Drug Court program now that he has no convictions for violent offenses on his record. Based on these other relevant circumstances surrounding this case, this factor weighs against dismissal as an appropriate sanction for the People's discovery violation.

After applying the *Sarcinelli* factors to dismissal as the Defendant's proposed sanction, the court finds that dismissal would not be an appropriate sanction in this case.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

---

[4] On October 16, 2024, the court granted the dismissal of Criminal Case No. CF0164-22 in its entirety. *See People v. Nalicat*, CF0164-22 (Order (Oct. 16, 2024)).

## CONCLUSION

The court hereby **DENIES** the Defendant's Motion to Dismiss. In the event this matter proceeds to trial, the court further **ORDERS** the following:

- **By Close of Business September 26, 2025,** the People of Guam shall produce all discovery stated in the Defendant's Motion to Compel that has yet to be submitted to the Defendant for his review;

- If the People of Guam do not produce discovery by the above deadline, the court will impose a sanction of attorney fees and costs, beginning from the court's Order Granting Defendant's Motion for Discovery (September 12, 2024) through the issuance of this Decision and Order.

A Further Proceedings is scheduled before this court on October 3, 2025, at 2:00PM.

**SO ORDERED** this _____ JUL 2 5 2025 _____ .



_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, I. Buza

Date: 7/25/25 Time: 5:19pm

Antonio J Cruz
Deputy Clerk, Superior Court of Guam